CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
FEB 25 2010
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:06-cr-00009-2 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| CURTIS DARYLE TINSLEY, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Curtis Daryle Tinsley, a federal prisoner proceeding <u>pro se</u>, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner alleges that his counsel provided ineffective assistance and that his conviction was obtained by unlawful arrest. The United States filed a motion to dismiss, and petitioner did not respond despite the issuance of a <u>Roseboro</u> notice. After reviewing the record, I grant the United States' motion to dismiss and dismiss petitioner's § 2255 motion because petitioner waived his claims and because petitioner's claims lack merit.

I.

Grand juries in the Western District of Virginia indicted petitioner with multiple counts of violating federal law for distributing or possessing with intent to distribute, or aid and abet thereof, various quantities of cocaine base on different occasions and for using, carrying, or possessing a loaded pistol during and relating to a violent crime. On July 24, 2006, I conducted petitioner's guilty plea hearing when petitioner pled guilty to possession of a firearm during and relating to a drug trafficking crime and distribution of more than fifty grams of cocaine base, in violation of 18 U.S.C. § 924(c) and 21 U.S.C. § 841, respectively. (Plea Agreement (No. 88) 2; J. (No. 119) 1.) I accepted petitioner's guilty plea, and conducted his sentencing hearing on May 15, 2007. I dismissed the outstanding counts from the superceding indictment and ordered

petitioner to serve 322 months imprisonment: 60 months on the firearm conviction and 262 months on the drug conviction, to be served consecutively. (Sent. Tran. (No. 136) 11.) I entered his judgment on May 22, 2007, and petitioner noted an appeal.

Petitioner's counsel filed an Anders[1] brief with the Fourth Circuit Court of Appeals, "stating that there are no meritorious grounds for appeal, but questioning whether [petitioner]'s guilty plea was knowing and voluntary because the district court conducted the Fed. R. Crim. P. 11 hearing jointly, for [petitioner] and two of his co-defendants." United States v. Tinsley, 264 Fed. App'x. 307, 308 (4th Cir. 2008) (per curiam). The Court of Appeals reviewed the record and concluded that:

> the district court fully complied with the mandates of Rule 11 in accepting Tinsley's guilty plea. With respect to counsel's argument that the court erred in conducting a joint Rule 11 proceeding of Tinsley and two of his co-defendants, counsel points to no authority that such a proceeding is inherently improper or that it renders a defendant's guilty plea unknowing or involuntary. Furthermore, there is no evidence in this particular case that the collective proceeding violated any of Tinsley's rights. The court questioned Tinsley individually in conducting the Rule 11 colloquy and discussed with him one-on-one the charges against him, his range of punishment, and his plea agreement.

Id. at 309. The Court of Appeals further reviewed the entire record and found no meritorious issues not covered by petitioner's waiver of his appeal rights. Id.

Petitioner argues in his § 2255 motion that his conviction should be vacated because his counsel provided constitutionally ineffective assistance. Specifically, petitioner alleges that counsel failed to advise him that his guilty plea would result in an enhanced sentence of 322 months incarceration and lied by telling him that he would receive a 180 month sentence. (Mot.

---

[1] See Anders v. California, 386 U.S. 738 (1967) (discussing counsel's responsibilities when not finding any meritorious appeal issues).

2

to Vacate (No. 166) 11.) Petitioner alleges that he would not have entered a guilty plea had he known that he was going to receive a 322 month sentence. (Id.) Petitioner also alleges that counsel was ineffective for failing to notify the court that he had diminished capacity because of his low intelligence level and lack of education and because petitioner did not know all of the elements for his firearm charge. (Id. 11, 12.)

Petitioner also argues that his conviction should be set aside because two law enforcement officers from the Henry County Sheriff's Office were "leading officers" who investigated petitioner and were subsequently convicted for stealing drugs from confiscated evidence. Petitioner argues, "This unlawful criminal act and breach of trust[] brings into question the [petitioner]'s case at hand tainted. These facts alone should make any evidence obtained and seized pertaining to the [petitioner]'s case questionable and inadmissible . . . ." (Id. 13.)

The United States filed a motion to dismiss that references exhibits outside the record that I will not exclude. Therefore, I consider the motion as a motion for summary judgment. See Fed. R. Civ. P. 12(d). The United States argues that petitioner waived his right to collaterally attack his conviction and his claims have no merit.

II.

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[2] Material facts

---

[2] The parties received reasonable and explicit notice of the possibility that I may convert a motion to dismiss that references matters outside the pleadings into a motion for summary judgment when the Clerk issued a timely Roseboro notice. See Fed. R. Civ. P. 12(d).

are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts admissible as evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility, Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the

motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

  A. Petitioner waived his right to collaterally attack his conviction.

On July 24, 2006, petitioner pleaded guilty, pursuant to a written plea agreement, to Counts Two and Nine of the Superseding Indictment. The petitioner initialed each page and signed the plea agreement. The plea agreement states in relevant part:

> I[, petitioner,] agree to knowingly, voluntarily and expressly waive all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the [petitioner] at the time of the [petitioner]'s guilty plea.

(Id. ¶ K.) The plea agreement also provided:

> I[, petitioner,] have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am satisfied with my attorney and his advice. I understand that I have the right to make known to the Court, at any time, any dissatisfaction I may have with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation. I hereby waive any claim I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing.

(Id. ¶ U.)

As part of a plea agreement, "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). In determining whether such a waiver is "knowing and intelligent," a court "must determine the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." United

States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotations and citation omitted). "A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." Lemaster, 403 F.3d at 221 (citation, internal quotation marks, and alterations omitted). In fact, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible,' and 'patently frivolous or false." Id. (citations omitted).

During the plea colloquy, the United States advised petitioner of the charges he would plead guilty to and the maximum penalties associated with each charge. Although I conducted the guilty pleas of all three defendants simultaneously, I directly asked each defendant the same questions. Specifically, the petitioner acknowledged that he understood the charges he would plead guilty to, the maximum statutory penalty, the sentencing guidelines, and the plea agreement. Petitioner also acknowledged that he freely and voluntarily waived his right to collaterally attack his conviction. Petitioner also told me that he completed the twelfth grade, could read and write, and had not taken any drugs within the previous twenty-four hours. Petitioner further stated during his sentencing hearing, "I want to thank my lawyer for doing all he could do for me." On direct appeal, the Fourth Circuit Court of appeals held that I "fully complied with the mandates of Rule 11 in accepting [petitioner]'s guilty plea." Tinsley, 264 Fed. App'x. at 309. Therefore, I find that petitioner knowingly waived his right to collaterally attack his conviction. Petitioner also waived his right to bring an ineffective assistance of counsel claim known to him but not disclosed to the court at sentencing. Petitioner knew the facts of his claim

that "counsel was ineffective because petitioner did not know the elements of the firearm charge" after he pleaded guilty, but he did not raise the issue during sentencing. Even if the claims did not fall within the waiver, petitioner fails to state a claim upon which relief may be granted.

      B.      Petitioner fails to establish ineffective assistance of counsel.

Petitioner argues that counsel provided ineffective assistance by failing to advise him that he could receive a 322 month sentence by pleading guilty and by erroneously advising him that he would receive only a fifteen year sentence. To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. Furthermore, "an attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d

329, 332 (4th Cir. 1978). The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him. Strickland, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

Petitioner fails to establish any prejudice because I corrected any alleged deficient performance by counsel during the guilty plea hearing. See United States v. Craig, 985 F.2d 175, 179-80 (4th Cir. 1993) (stating mis-advice about sentencing possibilities could not be a "but for" cause of a guilty plea where the plea is based on risk information given during Rule 11 colloquy); United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc) (no Strickland prejudice exists if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by counsel). Petitioner was advised at his guilty plea hearing that the maximum sentence he could receive was life imprisonment, and petitioner acknowledged that he understood the maximum sentence he faced. I sentenced petitioner to less than life imprisonment. Accordingly, petitioner fails to establish prejudice.

Counsel avers in his affidavit that petitioner did not exhibit any indication that he had a diminished capacity. Based upon the Rule 11 hearing and my own observations, I agree with counsel that petitioner did not manifest any indications of diminished capacity. Furthermore, petitioner's responses to my questions during his hearings erode any support that his counsel should have known of his alleged diminished capacity. Moreover, petitioner's statements during the guilty plea colloquy that he read and understood the charges in the indictments contradict a diminished capacity claim. Accordingly, counsel was not deficient for not raising a baseless

diminished capacity claim.

        C.      Petitioner waived alleged unconstitutional conduct that occurred during the investigation when he knowingly and voluntarily pleaded guilty.

Petitioner argues that his conviction was obtained by an unlawful arrest and his unconstitutional arrest requires me to vacate his conviction. However, petitioner waived all non-jurisdictional defects in his criminal proceedings that happened before he entered his guilty plea. See United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004).

The "guilty plea represents a break in the chain of events which has preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Therefore, a petitioner who pled guilty "has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea," Bundy, 392 F.3d at 644-45, or the government's "power to bring any indictment at all," United States v. Broce, 488 U.S. 563, 569 (1989). See United States v. Bluso, 519 F.2d 473, 474 (4th Cir. 1975) ("A guilty plea is normally understood as a lid on the box, whatever is in it, not a platform from which to explore further possibilities."). See also Blackledge v. Perry, 417 U.S. 21, 29-30 (1974) ("[W]hen a criminal defendant enters a guilty plea, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. Rather, a person complaining of such antecedent constitutional violations is limited . . . to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases.") (internal quotation marks and citations omitted). Accordingly, petitioner waived this claim by entering his guilty plea.

III.

For the foregoing reasons, I grant the United States' motion for summary judgment and deny

9

petitioner's § 2255 motion. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

**ENTER**: This 25th day of February, 2010.

*[signature]*
Senior United States District Judge